EDWARD L. KATZENBACH, attorney-general, appellant,

*v.*

THE TOMADELLI ELECTRONIC CORPORATION, respondent.

[Decided February 4th, 1929.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion.

"The bill, in effect, charges that the defendant company, a Delaware corporation, and its president, to whom most of its capital stock was issued, have been and now are engaged in the sale of the stock in this state and that approximately $250,000 has been taken in from such sales, and that the sales

were made upon fraudulent representation (the nature of the frauds are particularized), and that defendants refused to file a report as to the facts concerning the issue and sale of the stock as demanded by the attorney-general. The prayer is that the defendants be restrained from further selling of stock until they file the report, and that a subpœna issue that they make discovery. Now, upon the return of the order to show cause, the defendants do not attempt to deny the charges of fraud but set up that they are not now selling and have not for two years past sold any stock in this state, and that they would make the statutory report to the attorney-general before, in the future, making any sales.

"Under the Fraudulent Securities act, chapter 79 of the laws of 1927, the attorney-general is entitled to a report from vendors of securities condemned by the act whenever it *appears* to him upon complaint or otherwise that any person 'has engaged in, is engaged in, or is about to engage in' the sale of such condemned securities or 'whenever the attorney-general *believes* it to be in the public interest that an investigation of such sales of securities should be made; and to entitle the attorney-general to this court's subpœna and injunction all that need be shown is that it so appears to him, not that it so appears to the court, or that he believes the public interest requires an investigation and that the persons charged refuse to make the required report. It rests absolutely with him when and whether an investigation should be made. He need not in the first instance allege and establish the guilt of the defendants of fraudulent sales. That may come on a supplemental bill for a permanent injunction after discovery by the defendants.

"Subpœna and injunction will issue."

*Mr. Edward L. Katzenbach,* for the appellant.

*Mr. L. Edward Herrmann,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Backes.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—None.